# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRAVIS LAMONT SUTTON, <br>        Appellant, | DOCKET NUMBER <br> DC-3443-14-0467-I-1 |
|     v. | |
| DEPARTMENT OF VETERANS <br>    AFFAIRS, <br>        Agency. | DATE: August 5, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Travis Lamont Sutton</u>, Stafford, Virginia, pro se.

<u>Xan DeMarinis</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal challenging the agency's decision not to select him for the vacant position of Supervisory Contract Specialist.  Initial Appeal File (IAF), Tab 1.  After reviewing the appellant's application package, the Office of Personnel Management (OPM) determined that the appellant's Defense Acquisitions Workforce and Improvement Act (DAWIA) transcript was not sufficient documentation of the requisite educational background for the position. *Id.* at 5.  The agency deemed the appellant "ineligible" for the position and did not give him any further consideration in the hiring process.  IAF, Tab 9 at 29. On appeal, the appellant explained that the DAWIA transcript he submitted to OPM with his application for the position reflected his training, education, and experience in acquisitions, per the DAWIA.  The appellant challenged OPM and the agency's determination that the DAWIA transcript was not equivalent to an unofficial college transcript, and he asserted that his nonselection was improper and that it violated his veterans' preference rights.  IAF, Tab 1 at 5.  The administrative judge denied the appellant's request for corrective action, finding that the appellant failed to establish that he was denied the right to compete for

the Supervisory Contract Specialist position or that the agency violated any legal provision regarding his veterans' preference.

¶3    On review, the appellant argues that the administrative judge erred when she denied his request for corrective action.  The appellant asserts that he met all of the requirements for the Supervisory Contract Specialist position when he submitted his Standard Form (SF)-15, SF-50, resume, application, DD-214, DAWIA transcript, and other documentation reflecting his Level III Certification in Contracting, and he reasserts that the agency and OPM failed to properly credit his experience and training.[2]

¶4    We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence.  However, the applicable law and the record evidence support the administrative judge's findings that the appellant has not established that he was denied the right to compete for the position at issue or that the agency violated any legal provisions regarding his veterans' preference.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶5    Specifically, the administrative judge considered the fact that the vacancy announcement for the Supervisory Contract Specialist position required all applicants to have  either:  "(A) [Completion of] a 4-year course of study leading to a Bachelor's Degree, that included or was supplemented by at least 24 semester

---

[2] The appellant has also raised an argument that OPM engaged in an improper employment practice in violation of 5 C.F.R. Part 300.  IAF, Tab 1.  However, because the administrative judge docketed a separate appeal to adjudicate that claim we have not addressed his arguments in this appeal.

hours in any combination of the following fields: accounting, business, finance, law, contracts, purchasing, economics, industrial management, marketing, quantitative methods, or organization and management; OR (B) [Employment] in a GS-1102-14 position since January 1, 2000." IAF, Tab 1 at 10. The administrative judge also considered the application requirement that all candidates must include official or unofficial transcripts to verify educational requirements. *Id*. at 11. The vacancy announcement stated further that "[o]nly attendance and/or degrees from schools accredited by accrediting institutions recognized by the U.S. Department of Education may be credited" and that failure to provide the required materials, particularly the appropriate transcript "will result in an ineligible rating." *Id*. at 14, 16.

¶6 Here, the appellant included a document entitled "DAWIA Transcript" with his application. IAF, Tab 9 at 22. However, the appellant's DAWIA transcript does not identify any educational institutions, and, while it identifies the Defense Acquisition University training and the "continuous learning" the appellant has received, the document is not a transcript from a 4-year course of study leading to a bachelor's degree. *Id.* Because the record reflects that the appellant was allowed to apply for the position but was found ineligible because he did not comply with the application requirement, we agree with the administrative judge's determination that the agency and OPM considered his application and thus he was not denied the right to compete.

¶7 To the extent that the appellant also reasserts his argument that the agency violated his rights under a statute or regulation when it failed to follow the provisions of an Office of Management and Budget (OMB) memorandum "which determined that all agencies shall recognize DAWIA transcripts," the administrative judge thoroughly addressed this argument and we find no reason to disturb the administrative judge's findings. Initial Decision at 8-9; *Broughton*, 33 M.S.P.R. at 359. Specifically, the OMB memorandum does not constitute a statute or regulation, and thus, the administrative judge correctly found that any

allegation of a violation of the memorandum is not a nonfrivolous allegation that the agency violated a law, rule or regulation. *See* IAF, Tab 11 at 4; *see Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 9 (2012) (OPM VetGuide does not constitute a law, rule, or regulation relating to veterans' preference under the Veterans' Employment Opportunities Act (VEOA)); *Coates v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 14 (2009) (a Postal Service handbook is not a statute or regulation relating to veterans' preference under VEOA).

¶8        Finally, it appears that the appellant may be arguing for the first time on review that he met the requirements for the Supervisory Contract Specialist position based on his work history. PFR File, Tab 1 at 5, Tab 2 at 5, 7. However, the Board will not normally consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. Moreover, in order to be eligible based on work history instead of education, the vacancy announcement required employment in a GS-1102-14 position since January 1, 2000. The records reflect that the appellant has only been employed in a GS-14 position since December 2013. IAF, Tab 3 at 8-9. Accordingly, the appellant has shown no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.